UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOSHUA CARLUCCI

17 CR 448

Judge Matthew F. Kennelly

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Joshua Carlucci and co-defendant Chris Young owned a business that was purchased by Quadrant 4 System Corporation ("QFOR") in 2013. Carlucci and Young continued to work for the business after the acquisition but ended up leaving QFOR shortly thereafter on negative terms.

Several years later, the SEC was investigating QFOR and issued subpoenas to Carlucci and Young. Carlucci and Young got in touch with QFOR's CEO Nandu Thondavadi about the subpoenas, and Thondavadi asked Carlucci and Young to send him an e-mail falsely stating that Momentum Mobile had previously authorized and agreed to a fake acquisition agreement, which the defendant knew was intended to provide a paper trail to deceive the SEC. Carlucci ultimately sent Thondavadi the email and in exchange Thondavadi and QFOR's CFO Dhru Desai paid Carlucci $60,000. The QFOR executives and Carlucci also exchanged emails to cover up the reason for the payments from QFOR to Carlucci and Young, and to make it falsely appear that the payments were for legitimate work.

This was a serious crime that merits punishment. However, the defendant has almost no criminal history, a long record of employment, and he was less culpable

than Thondavadi and Desai. As a result, the government agrees with the probation officer's recommendation of probation. The government agrees that a significant fine is appropriate, and requests that the Court fine the defendant $180,000, which is three times the amount Carlucci obtained for sending the false email to deceive the SEC. The government further recommends that the Court order a period of home or community confinement along with the fine.

## I. Background

The government will assume familiarly with the government's version of the offense in order to reduce the length of this filing. The government's version is hereby incorporated by reference.

## II. The Guidelines Range

The probation officer and parties agree that the defendant's offense level is 12 after acceptance and that his criminal history category is I, which results in a Guidelines range of 10-16 months.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Guidelines Sentence.

A sentence of probation is sufficient to achieve the goals of sentencing in this case. Instead of imprisonment, the government suggests that the Court impose a substantial fine.

This is a serious offense. When the defendant received a subpoena from the SEC, he used that as an opportunity to squeeze money out of the targets of the

investigation. It may be true that the defendants owed him money, but he committed a crime when he agreed to provide a false paper trail to deceive the SEC. And it was not just one email, the defendant exchanged a number of other emails to cover up the reason for the payment and make it appear that it was for legitimate work. The defendant also made things worse by lying to the FBI agent on the day he was arrested.

That said, the Guidelines range for this crime is low, and the defendant does not have any serious criminal history. Further, the defendant proffered to the government and the government believes that he was honest during the proffer. Finally, the QFOR executives came up with this obstruction scheme and are the more culpable actors. Balancing the 3553(a) factors, the government does not believe that a term of imprisonment is necessary, but suggests that the Court impose some term of home or community confinement and a fine in order to punish the defendant and provide adequate deterrence.

With regard to the potential monetary penalties, the guidelines mandate a fine unless the defendant is unable to pay: "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The statutory maximum for the count of conviction is $250,000. The applicable fine Guideline range in this case is $5,000-$50,000. Sent. Rec. at 2.

Under 18 U.S.C. § 3572, the Court shall consider, in addition to the 3553(a) factors, the following factors in determining whether a fine should be imposed and if so the amount that should be imposed:

(1) the defendant's income, earning capacity, and financial resources;

(2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

(3) any pecuniary loss inflicted upon others as a result of the offense;

(4) whether restitution is ordered or made and the amount of such restitution;

(5) the need to deprive the defendant of illegally obtained gains from the offense;

(6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

(7) whether the defendant can pass on to consumers or other persons the expense of the fine; and

(8) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

The probation officer recommended a fine of $60,000, which is the amount the QFOR defendants paid the defendant. The government respectfully disagrees with this recommendation. For an individual of the defendant's means, a fine of $60,000 is not particularly meaningful. Further, Guideline § 5E1.2(d)(8) provides that, "The amount of the fine should always be sufficient to ensure that the fine, taken together

with other sanctions imposed, is punitive." With this in mind, and considering both the 3553(a) factors discussed above and the 3572(a) factors, the government recommends a fine of $180,000, which is three times what the defendant obtained for the obstruction. Specifically, the defendant's financial resources are vast as set forth in the PSR; a fine of $180,000 will not impose a burden on him at all in light of his net worth; and no restitution is owed in this case. A fine of $180,000, plus a sentence of home or community confinement, will be meaningful and punitive, while allowing the defendant to support himself and continue working.

## IV. Conclusion

The government seeks a below-Guidelines sentence of probation, a fine of $180,000, and a term of home or community confinement.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ Matthew F. Madden
MATTHEW F. MADDEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60606